**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2139-21

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

AHMAR D. BUTLER, a/k/a
MAR BUTLER, and AHMAR
SPENCE,

 Defendant-Appellant.

_____

   Submitted December 19, 2023 – Decided December 29, 2023

   Before Judges Enright and Paganelli.

   On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 12-01-0001.

   Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

   Matthew J. Platkin, Attorney General, attorney for respondent (David M. Galemba, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Ahmar D. Butler appeals from the February 14, 2022 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm, substantially for the reasons set forth by Judge Sandra Lopez in her comprehensive written opinion.

I.

The evidence adduced at defendant's 2013 trial with his co-defendants, Jonathan P. Thomas and Antwione A. Parsley, was fully detailed in our 2017 unpublished opinion, wherein we affirmed the respective convictions and sentences of each defendant. State v. Butler, Nos. A-0381-13, A-1741-13, and A-2051-13 (App. Div. March 30, 2017). We also provided a synopsis of the facts and procedural history of this matter in our 2020 unpublished opinion, wherein we affirmed in part, and vacated and remanded in part, the trial court's denial of defendant's and Parsley's PCR petition without an evidentiary hearing. State v. Butler, Nos. A-0884-18 and A-3243-18 (App. Div. Feb. 28, 2020) (slip op. at 17). Accordingly, we incorporate by reference the recitation of facts and procedural history contained in our prior unpublished opinions.

As we concluded in our 2020 opinion, defendant and his co-defendant, Parsley, were entitled to evidentiary hearings on remand "to develop the record

more fully concerning the alibi evidence" they discussed in their respective PCR petitions. Id. at 10. Therefore, we directed the remand judge to consider testimony from alibi witnesses named in defendant's and Parsley's petitions, as well as "testimony from the respective [defense counsel], explaining whether they investigated these potential alibis and, if so, why they chose not to present these witnesses for strategic or other reasons." Id. at 13. We also directed the remand judge to address defendant's alleged newly discovered evidence as it related to third-party guilt. Id. at 15-16.

In September 2021, Judge Lopez commenced a four-day evidentiary hearing on defendant's PCR petition to address his alibi and third-party guilt claims. The judge heard from alibi witnesses, Lanika Booker and Jermaine Spence, as well as third-party guilt witnesses, Charlene Daniels and Oreader Callaway, Jr. Defendant and his trial counsel also testified at the evidentiary hearing.

On February 14, 2022, Judge Lopez entered an order, denying defendant's PCR petition. In her accompanying eighty-five-page opinion, the judge first recounted in painstaking detail the testimony of the witnesses who appeared before her. She determined the testimonies provided by Booker, Spence, Daniels and Callaway were not credible.

3

However, as to defendant's claim trial counsel was ineffective, Judge Lopez credited counsel's testimony that he "investigated Booker as a potential alibi witness" prior to trial, and for tactical reasons, chose not to call her to testify at trial. Additionally, the judge found counsel's decision not to call Booker as a witness did "<u>not</u> amount to unsound trial strategy."

Next, the judge believed trial counsel's testimony that "defendant never identified Jermaine Spence as a potential alibi witness" and that even though "Spence attended the trial," Spence "never approached" trial counsel "at any point before or during the trial." Further, the judge credited trial counsel's testimony that prior to trial, Spence "did not go to the police, the prosecution, or to [trial counsel]" to disclose Spence's alibi evidence.

Similarly, the judge accepted trial counsel's testimony that prior to trial, he reviewed "information provided by Daniels that was in discovery" and concluded "[t]he information . . . Daniels initially provided [to the] police was unhelpful." The judge also credited trial counsel's testimony that he "determined . . . further investigation of Daniels was not warranted."

Further, the judge determined defendant "signed a letter [for his trial attorney,] foregoing an alibi defense," even though the certification defendant submitted with his PCR petition "made no mention of discussing an alibi

A-2139-21

defense" with trial counsel, "[n]or did his certification contain information about what he was doing at the time of the murder."

Considering this evidence, Judge Lopez concluded "defendant did not demonstrate by a preponderance of the evidence that trial counsel's performance was deficient" nor did he "prove that the result of [his trial] would have been different had [trial counsel] called Booker, Spence, or Daniels to testify at trial." Accordingly, after referencing the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984),[1] Judge Lopez found defendant failed to establish a prima facie case of ineffective assistance of trial counsel.

Judge Lopez also considered and rejected defendant's alternative argument that he was entitled to a new trial based on newly discovered evidence. Although the judge acknowledged "[t]he statements of Callaway and Daniels suggest[ed] a third party—not . . . defendant—committed the murder," Judge Lopez found a new trial was not warranted because defendant failed to satisfy the three-pronged test set forth in State v. Carter, 85 N.J. 300 (1981).[2]

---

[1] To establish a prima facie claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland, 466 U.S. at 687.

[2] To be entitled to a new trial based on newly discovered evidence, a defendant must demonstrate the newly discovered evidence is: "(1) material to the issue

Judge Lopez explained Callaway testified at the evidentiary hearing that "a few weeks after [he and a fellow inmate, Maurice Brown] were housed together as cellmates," Brown confessed to murdering Hayes. But the judge also credited trial counsel's testimony that "Brown gave three different statements about the murder of Hayes" and "was indicted for false swearing based on two of those statements." Moreover, Judge Lopez found "Callaway testified quite candidly to his criminal history[,] which include[d ninety-one] indictable convictions," and he admitted "he [did] not fear a false swearing conviction because" he could not "add anything to" the extended term of life imprisonment he was serving. Accordingly, the judge concluded "defendant failed to satisfy prong [three] of the Carter test" as to Callaway because "Callaway's testimony lacked the credibility and veracity of evidence that would 'probably change the jury's verdict if a new trial were granted.'" Id. at 314.

Similarly, Judge Lopez found "Daniels'[s] testimony at th[e] . . . evidentiary hearing . . . did not provide newly discovered evidence that

_____

and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." Carter, 85 N.J. at 314. Each prong must be satisfied before a new trial is warranted, ibid., and a defendant bears "the burden to establish each prong is met," State v. Fortin, 464 N.J. Super. 193, 216 (App. Div. 2020).

would change the jury's verdict." The judge explained that on cross-examination, "Daniels testified that she d[id] not remember the date on which Hayes was murdered," even though she lived across the street from the victim, "she d[id] not remember . . . Maurice . . . Brown" or "being asked to go down to the [police] station on the night of the murder," and could only "testify to . . . the words written in" the affidavit she submitted in support of defendant's PCR petition.

The judge also determined Daniels "did not provide th[e c]ourt with testimony suggesting that a third-party committed the murder." Instead, she merely established "she did[ not] see" defendant on the night of the murder, and did "not remember the night of the murder[,] or other events relevant to the case." Thus, the judge stated, "as it pertains to Daniels, defendant failed to establish prongs [two] and [three] of the Carter test, and in the alternative, failed to establish prong [three] of the Carter test."

Having found defendant failed to establish a prima facie case of ineffective assistance of trial counsel or "satisfy the Carter standard for a new trial based on newly discovered evidence," Judge Lopez denied defendant's PCR petition.

II.

On appeal, defendant raises the following arguments:

POINT I

TRIAL COUNSEL'S FAILURE TO INVESTIGATE AND PURSUE AN ALIBI DEFENSE AND/OR THIRD-PARTY GUILT CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL AND MANDATES THAT DEFENDANT'S CONVICTIONS BE REVERSED.

    A.   TRIAL COUNSEL FAILED TO HAVE LANIKA BOOKER TESTIFY AS AN ALIBI WITNESS.

    B.   TRIAL COUNSEL FAILED TO INVESTIGATE JERMAINE SPENCE AND HAVE HIM TESTIFY AS AN ALIBI WITNESS.

    C.   TRIAL COUNSEL FAILED TO INVESTIGATE AND HAVE CHARLENE DANIELS TESTIFY REGARDING THIRD-PARTY GUILT.


POINT II

NEWLY DISCOVERED EVIDENCE MANDATES THAT DEFENDANT'S CONVICTIONS BE REVERSED.

    A.   OREADER CALLAWAY, JR.'S AFFIDAVIT AND TESTIMONY REGARDING MAURICE BROWN'S CONFESSION CONSTITUTED NEWLY DISCOVERED EVIDENCE.

B. CHARLENE DANIELS' AFFIDAVIT AND TESTIMONY REGARDING MAURICE BROWN CONSTITUTED NEWLY DISCOVERED EVIDENCE.

Having considered defendant's contentions in view of the applicable law, we conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). Accordingly, we affirm for the reasons set forth by Judge Lopez in her thoughtful and well-reasoned opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2139-21